FILED
CLERK, U.S. DISTRICT COURT
MAY 10 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PACIFIC SOFTWARE CONSULTING, INC., a California corporation,

Plaintiff,

vs.

SYSTEMCENTRIX INC., a California corporation, SERGIO DUARTE, VICKY AASE, MARIBETH GILLIS, ITERATION 2, a California corporation, HITACHI CONSULTING CORPORATION, as successor-in-interest to ITERATION2, a California corporation, AND DOES 1 THROUGH 10, INCLUSIVE,

Defendants.

CASE NO. SACV10-1443 DOC (Ex)

**[~~PROPOSED~~] PROTECTIVE ORDER RE: CONFIDENTIALITY**

Magistrate Judge: Hon. Charles F. Eick
Courtroom: 20

Pursuant to the parties' STIPULATION FOR PROTECTIVE ORDER RE: CONFIDENTIALITY, **IT IS HEREBY ORDERED THAT:**

1. Good Cause for Protective Order. The entry of this Protective Order re: Confidentiality is necessary because discovery in this action will require the parties to produce confidential, proprietary, and private business and personal information, the public disclosure of which may cause substantial harm to the parties and to third parties, including employees of the parties.

2. Designation of Confidential Information. This Protective Order applies to all discovery in this action, including without limitation all information, documents and things subject to discovery in this action. Any such items may be designated as "Confidential Information" as provided herein. Documents and other written information may be designated as "Confidential Information" by placing on each page a stamp or notice stating "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If information or documents are produced on a computer storage medium such as a CD-ROM, such information or documents may be designated as "Confidential Information" by placing a stamp or notice on the CD-ROM or other storage medium. With respect to all original documents that are made available for inspection, designation need not be made until copies of the materials are made after inspection and selection by counsel. Information disclosed at a deposition, including without limitation, questions, answers, and exhibits) may be designated as "Confidential Information" by a statement on the record, or within thirty days after completion of the original transcript of the deposition, that certain specified information is confidential and subject to this Protective Order. Any video or audio recording, and any electronic copy of a deposition, will be deemed confidential to the same extent as the related deposition transcript.

3. Non-Disclosure and Non-Use. Except with the prior written consent of the party or other person originally designating an item as "Confidential Information," or as hereinafter provided under this order, no designated "Confidential Information" and no information derived therefrom, may be disclosed to any person. Persons obtaining access

to "Confidential Information" (or information derived therefrom) under this Order shall use such items solely for the purposes of litigating this lawsuit (including appeals), and shall not use such documents or information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

4. Permissible Disclosures. Designated "Confidential Information," and information derived therefrom, may be disclosed to:

(a) parties to this action and employees of such parties, and their insurers;

(b) counsel for the parties in this action, and to the extent reasonably necessary to render professional services in the litigation, the members of such counsel's law firm, associates, secretaries, paralegals, assistants, and employees of such counsel;

(c) court officials, court employees, special masters and referees appointed by the court, mediators acting with consent of all parties, court reporters, deposition officers and videographers, professional photocopiers and e-discovery vendors, provided that the parties disclose such materials with suitable precautions calculated to maintain confidentiality; and

(d) actual or potential witnesses, consultants, investigators, and testifying experts to whom disclosure is reasonably necessary, provided that the conditions detailed in paragraph 5 have been met.

5. Agreement to be Bound. Before "Confidential Information" may be disclosed to any person under subpart (d) of paragraph 4, he or she must read this Protective Order and execute a copy of the Certification attached as Exhibit A, agreeing to be bound by the terms of the Protective Order. The party disclosing "Confidential Information" shall be responsible for retaining the Certification.

6. Depositions. Nothing in this Protective Order shall prohibit the use of, or reference to, any "Confidential Information" in any deposition, provided that the party using such information first provide a copy of this Protective Order to the witness, and take reasonable steps to minimize the risk of disclosure to unauthorized persons.

7. Declassification. A party (or aggrieved entity permitted to intervene for

opportunity to serve objections to the process or seek protection.

10. Non-Termination. The provisions of this Order shall not terminate at the conclusion of this action and the obligation to comply with this Order shall continue indefinitely thereafter.

11. Subsequent Designation. Information or documents inadvertently disclosed without being designated as confidential may be subsequently designated as confidential by providing all parties with written notice of that designation and a replacement copy, marked in accordance with this Order.

12. Non-waiver. Nothing in this Protective Order shall affect any right of the designating party to disclose its own "Confidential Information" to any person or entity, and such disclosure shall not waive any protections of this Protective Order.

13. Non-party Designation. The terms of this Protective Order are applicable to "Confidential Information" provided by and designated by a non-party in connection with this litigation, and such "Confidential Information" shall be protected by the remedies and relief provided herein.

14. No Prejudice. Nothing in this Order shall prevent any party or other person from seeking modification of this Order for good cause, from objecting to discovery that it believes to be otherwise improper, or from redacting non-discoverable information from documents. A non-designating party's failure to challenge a designation of an item as "Confidential Information" by any other party or non-party shall not be deemed an admission or concession that the document or information is confidential.

Dated: 5/10/11

Hon. Charles F. Eick
United States Magistrate Judge

such purpose) may apply to the court for a ruling that an item (or category of items) designated as confidential is not entitled to such status and protection. The party or other person that designated the item as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality has the burden of showing good cause for the item to be classified as confidential under this Order. Before applying for declassification, the parties to any such issue shall make a good faith effort to resolve such issue on an informal basis.

8. Filing and Use in Court of Designated Confidential Documents. If "Confidential Information" is included in any papers filed with the Court, such papers shall be filed under seal pursuant to Local Rule 79-5. However, the party who initially designated such "Confidential Information" may choose to discontinue to enforce the confidentiality designation, in which case such information will no longer be considered to be "Confidential Information."

9. Protection From Disclosure. Anyone in possession of designated "Confidential Information" shall take reasonable measures to bar access to the documents by anyone not allowed access pursuant to the terms of this Order. If anyone in possession of designated "Confidential Information" receives a subpoena, discovery request, request for information received from any government agency or self regulatory organization, or other legal process (collectively "process") seeking any designated "Confidential Information" or information derived therefrom, the person or entity receiving the process shall promptly notify and forward a copy of the process to the party that made the designation with regard to such documents so that the designating party may seek to prevent the disclosure. The person or entity receiving the process shall object to the production, but is not required to litigate the objection or seek the protection from a court, except that if the process purports to require the party to produce designated "Confidential Information" or information derived therefrom within ten (10) days from the date notice is given to the designating party, the person or entity to whom the process was directed shall seek a reasonable extension of time to afford the designating party an

**Exhibit "A"**

*Certification of Receipt of Protective Order*

I certify that I have received a copy, and I acknowledge that I am bound by, the Protective Order re: Confidentiality in the case of PACIFIC SOFTWARE CONSULTING, INC. vs. SYSTEMCENTRIX INC., Central District of California Case No. SACV10-1443 DOC (Ex).

DATED: ______________ Signature: ____________________

Print name: ____________________

**PROOF OF SERVICE**

*Pacific Software Consulting, Inc. v. Systemcentrix, Inc.*
USDC Case No. SACV10-01443 DOC(Ex)

I, Channing Osborn, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3161 Michelson Drive, Suite 1000, Irvine, CA 92612.

On May 9, 2011, I served a true copy of the foregoing document(s) described as: [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

| | |
|---|---|
| ☒ | **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)** In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system. |
| ☒ | **[BY MAIL]** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. |
| ☐ | **[BY E-MAIL]** By transmitting via e-mail the document(s) listed above to the addresses set forth below on this date before 6:00.p.m. I am aware that service is presumed invalid if the email transmission is returned as undeliverable. |
| ☐ | **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| ☒ | **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Executed on May 9, 2011, at Irvine, California.

Channing Osborn



CHI 60,963,791v2